**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GEORGANN PRICE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-CV-1210-P** |
| | § | |
| **AMERICAN AIRLINES,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant American Airlines' Motion to Dismiss [doc. 9], filed February 1, 2024. Having carefully considered the motion, and noting that Plaintiff wholly failed to file a response, the Court **RECOMMENDS** that Defendant's motion be **GRANTED** for the reasons stated in Defendants' Motion. Specifically, the Court notes that "[b]efore a plaintiff may file a civil action under Title VII or the [Americans with Disabilities Act ("ADA")], he must exhaust administrative remedies, which include filing a charge of discrimination within 300 days after the alleged violations occurred and filing suit within 90 days after receiving a right-to-sue letter from the [Equal Employment Opportunity Commission ("EEOC")]." *Wilson v. Texas Higher Educ. Coordinating Bd.*, No. SA05CA1137-XR, 2006 WL 505549, at *2 (W.D. Tex. Jan. 30, 2006) (internal quotations and citations omitted); *see* 42 U.S.C. § 12117. The ninety-day period begins to run "on the date that the EEOC right-to-sue letter is delivered . . . to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *see Crabtree v. Cyberonics, Inc.*, No. H-05-4221, 2006 WL 1581971, at *2 (S.D. Tex. June 7, 2006) ("The 90-day period begins to run with the notice is *received*.") "The ninety-day limitations period is strictly construed[,]" and "[c]ourts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the nineth-day limitation period had expired." *Crabtree*,

2006 WL 1581971, at *2 (internal quotations and citations omitted). The "failure to exhaust administrative remedies in the context of the ADA is not a jurisdictional bar but rather a prudential prerequisite to suit." *Spann v. Frisco Indep. Sch. Dist.*, No. 4:19-CV-00603-SDJ-CAN, 2020 WL 2167624, at *2 n.4 (E.D. Tex. Apr. 14, 2020).

In Plaintiff's Amended Complaint [doc. 6], which is the live pleading in this case, Plaintiff asserts a claim against Defendant based on the ADA. (Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 3.) According to Plaintiff's Amended Complaint, Plaintiff filed a Charge of Discrimination with the EEOC and the Texas Workforce Commission on or about October 1, 2022,[1] and received her Notice of Right to Sue Letter on September 1, 2023.[2] (Pl.'s Am. Compl. at 5, 7.) Plaintiff filed her original Complaint, in this case, on December 1, 2023, ninety-one days[3] after she received the Notice of Right to Sue letter from the EEOC. Consequently, Plaintiff's suit is untimely, and Plaintiff has alleged no facts which would warrant equitable tolling. Consequently, the Court **FINDS**, **CONCLUDES**, and **RECOMMENDS** that this suit be dismissed for Plaintiff's failure to exhaust administrative remedies.

---

[1] In her Amended Complaint, Plaintiff states that she filed the Charge of Discrimination on October 11, 2022. (Pl.'s Am. Compl. At 5.) However, Plaintiff attached a copy of the Charge to her Amended Complaint that indicates it was filed on October 1, 2022. (Pl.'s Am. Compl. at 7.)

[2] While Plaintiff attached a copy of her Charge of Discrimination to her Amended Complaint, Plaintiff did not attach a copy of her Notice of Right to Sue letter.

[3] The ninety-day clock started running on September 1, 2023, when Plaintiff received her Notice of Right to Sue letter. As there are thirty days in September, thirty-one days in October, and thirty days in November, the ninetieth day was on November 29, 2023. Thus, Plaintiff filed her suit on December 1, 2023, which was ninety-one days after receiving her Notice of Right to Sue letter. *See Orphey v. Jefferson Par. Hosp. Dist. No. 1*, 247 F. App'x 582, 583 (5th Cir. 2007) (per curiam) (dismissing case filed one day late and stating there "is no provision for excluding holidays that fall within the period of days to be counted"); *Ringgold*, 796 F.2d at 770 (dismissing case filed ninety-two days after delivery of the Notice of Right to Sue letter to Plaintiff's counsel).

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 11, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections. It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 26, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE